

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| MARLON RIVERA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 5:16-00837-MGL-KDW |
| | § | |
| SCOTT LEWIS, | § | |
| | § | |
| Respondent. | § | |
| | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, AND
DENYING THE PETITION

This is a 28 U.S.C. § 2254. Petitioner is proceeding pro se. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent's Motion for Summary Judgment be granted and the Petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on November 9, 2016. ECF No. 33. On December 9, 2016, the Clerk of Court filed Petitioner's document entitled "Respond with Written Objection to Court Report and Recommendation" (Petitioner's memorandum). ECF No. 39.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even when construed liberally and in the light most favorable to Petitioner, Petitioner's memorandum fails to set forth any specific objection to the Report. The only portions of Petitioner's memorandum that reference the Report are entirely conclusory and general. Petitioner's lengthy memorandum consists primarily of a recitation of background and procedural facts, various standards and statements of law, portions of the Report copied verbatim, and a rehashing of Petitioner's previous arguments in support of the Petition. Any meaningful counter to the well-reasoned conclusions in the Report is absent. Because Petitioner's memorandum fails to allege any specific objection to the Report, the Court need not—and will not—address the arguments raised in Petitioner's memorandum.

3

After a thorough review of the Report, Petitioner's memorandum, and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Respondent's motion for summary judgment is **GRANTED**, and the Petition is **DENIED**.

To the extent Petitioner asks for a Certificate of Appealability, that request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 19th day of December 2016 in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.